**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re

Ricardo M Luis
aka Ricardo M Luis Hidalgo
aka Ricardo M Luis, Jr.

              CHAPTER  13
              CASE NO.  15-24336-LMI

   Debtor(s)
_____/

## OBJECTION BY WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR BCAT 2014-9TT TO CONFIRMATION OF CHAPTER 13 PLAN FILED BY THE DEBTOR(S)

  WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR BCAT 2014-9TT("Creditor"), by the undersigned attorneys, objects to confirmation of the Plan ("Plan") as proposed by the Debtor(s) and any future Plan(s) filed by the Debtor(s) to the extent that such Plan or Plans contain the provision(s) to which this Objection is directed. In support of this Objection, the Creditor states as follows:

  1. For value received, the Debtor(s) executed and delivered a Note and Mortgage ("Loan Documents") as evidence of indebtedness to Creditor. Said indebtedness is secured by property more particularly described in the Mortgage as: REAL PROPERTY LOCATED: 6821 SW1 ST MIAMI, FL 33144-0000, LEGALLY DESCRIBED AS: LOT 5, BLOCK 6, OF PRINCESS PARK MANOR, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 50, AT PAGE 18, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA ("Collateral"). Reasons for objection:

**Failure to Provide for Full Payment of Prepetition Arrearages**

  2. The Creditor will be filing a Claim which sets forth prepetition arrearages in the approximate amount of $90,493.93, which are due and owing in regards to the loan.

  3. The Plan fails to provide for payment of the full amount of these prepetition arrearages through the Plan.

  4. The Plan fails to comply with 11 U.S.C. §1325 (a)(5) in that it does not provide adequate protection for Creditor's interest pursuant to 11 U.S.C. §361. In addition, Creditor does not agree to such treatment through the Plan.

### Failure to Provide for Correct Monthly Payment

5. The Creditor will be filing a claim which sets forth the monthly payment at the time the bankruptcy petition was filed to be in the amount of $3,256.52 and changing to $1,797.09 effective 9/01/2015 with regards to the loan account.

6. The Plan fails to provide for payment of the full amount through the Plan.

7. The Plan fails to comply with 11 U.S.C. §1325 (a)(5) in that it does not provide adequate protection for Creditor's interest pursuant to 11 U.S.C §361. In addition, Creditor does not agree to such treatment through the Plan.

### Lack of Adequate Protection

8. The Debtor is proposing to modify the mortgage in question through this Court's Loss Mitigation Mediation Program. The Debtor should be required to pay Creditor a good faith adequate protection payment each month while the Loss Mitigation Mediation process is pending and said payment shall be no less than 31% of the Debtor's gross monthly income. The Chapter 13 Plan in this case does not propose sufficient adequate protection payments to Creditor considering the Chapter 13 Plan proposes to pay Creditor a payment of $1,100.00 for months 1 - 36 of the Plan. According to Schedule I, the Debtor's gross monthly income is $4,654.78. The Debtor should be required to file an Amended Plan which proposes to pay an adequate protection payment each month equaling 31% of Debtor's gross monthly income which equals $1,442.99 or alternatively, the contractual monthly payment. *See, In re Jiane M Bahlawan, Case No. 13-27651-RBR, Doc. No. 44, SD Fla. 2014*.

9. Creditor is aware that the Plan proposes a Mortgage Modification; however, such modification has not been entered into at this point and Creditor is filing this objection to preserve its rights in regards to a Plan that does not conform to the Creditor's Proof of Claim.

10. Creditor will withdraw this Objection in the event that the Plan is amended to conform to the Creditor's proof of claim or otherwise satisfactorily address the issue(s) raised in this Objection.

WHEREFORE, Creditor prays for the entry of an appropriate order denying confirmation with respect to the Plan as proposed and any future Plan(s) filed by the Debtor(s) to the extent that such Plan or Plans contain the provisions to which this Objection is directed.

### Certification as to Admission to the Southern District Bar

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

I hereby certify that if the above is a matter requiring a hearing rather than negative notice, I have attempted to resolve the disputes involved with opposing parties prior to requesting any hearing on the above Motion.

/s/ Brad W. Hissing
Brad W. Hissing
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1347
Fax:    (813) 229-3323
bhissing@kasslaw.com
Florida Bar No. 854794

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on September 14, 2015, by U.S. Mail and/or electronic mail via CM/ECF to: Ricardo M Luis aka Ricardo M Luis Hidalgo aka Ricardo M Luis, Jr., 6821 SW 1st Street, Miami, FL 33144; Gessner R Luis and Ricardo M Luis Sr at his/her place of abode, 6821 SW 1 St, Miami, FL 33144-0000; Ricardo Corona, Esq., 3899 NW 7 St # 202B , Miami, FL 33126; Nancy N. Neidich, Trustee, P.O. Box 279806, Miramar, FL 33027-9806.

/s/ Brad W. Hissing
Brad W. Hissing (x1347)

1557139B/llg

Case 15-24336-LMI    Doc 20    Filed 09/14/15    Page 4 of 4